IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACOB WAYNE ROGERS,

    Plaintiff,

v.

MELISSA N. COCKRELL, et al.

    Defendants.

ORDER

Case No. 25-cv-980-wmc

---

Plaintiff Jacob Wayne Rogers, a prisoner in the custody of the Wisconsin Department of Corrections, has filed a proposed civil action under 42 U.S.C. § 1983. Plaintiff has submitted a certified copy of an inmate trust fund account statement in support of a motion for leave to proceed without prepaying the filing fee. After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must prepay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from plaintiff's trust fund account statement, I calculate the initial partial payment to be $14.44. For this case to proceed, plaintiff must submit $14.44 on or before December 23, 2025.

In the alternative, plaintiff asks to use release account funds to pay the entire filing fee. (Dkt. #8). That request is denied. If a prisoner does not have sufficient funds in a regular inmate account to make an initial partial payment, then the prisoner may withdraw funds from a release account. *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). However, nothing in the fee collection provision of § 1915 can be read as requiring the state to allow a prisoner to pay the entire balance of a federal court filing fee from a release account. *Id*.

ORDER

IT IS ORDERED that:

1. Plaintiff Jacob Wayne Rogers is assessed an initial partial payment of the filing fee in the amount of $14.44. On or before December 23, 2025, plaintiff must submit a check or money order payable to the clerk of court in the amount of $14.44 or advise the court in writing why plaintiff is not able to make the payment.

2. Plaintiff Jacob Wayne Rogers's motion to use release account funds to pay the entire filing fee (Dkt. #8) is DENIED.

3. No further action will be taken in this case until the clerk's office receives the initial partial payment as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

4. If plaintiff fails to make the initial partial payment by December 23, 2025, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). If plaintiff submits the initial partial payment within 30 days of dismissal, the case will be reopened. The court will not reopen the case after 30 days unless plaintiff makes a showing that they are entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered this 26th day of November, 2025.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge